








```
CAG     9/15/00    12:32
3:99-CV-02500    KINDER V. CITIBANK
*37*
*O.*
```



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CITIBANK, CITICORP et al.,<br><br>　　　　　　　Defendants. | Case No: 99-CV-2500 W (JAH)<br><br>**CORRECTED ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

Plaintiff James M. Kinder ("Plaintiff") filed a motion to remand this action to state court. Defendants Citibank and Citibank (South Dakota), N.A. ("Defendants") opposed. For the reasons expressed below, the Court **DENIES** the motion.

**I.   Background**

Plaintiff's claims arise out of Defendants' alleged misuse of Plaintiff's voice mail pager number. Plaintiff contends that within the last three years he obtained the voice mail telephone number (619) 999-9999. (Compl. ¶ 6.) Plaintiff obtained this number because his clients, customers and potential customers could easily remember it, making it extremely valuable. (Id.)

According to Plaintiff, Defendants are primarily engaged in the collection of consumer debts. (Id. ¶ 5.) Defendants utilize computer programs and databases that automatically dial



the telephone numbers of consumer debtors. (Id. ¶ 9.) When the telephone number contained in the computer is incorrect or out of service, Defendants' computer system automatically replaces that number with the default number 999-9999. (Id. ¶¶ 11, 12.) Consequently, Plaintiff's voice mail pager has allegedly received as many as 200 debt collection messages each day. (Id. ¶ 13.)

On June 7, 1999 Plaintiff, proceeding pro se, commenced this action in San Diego Superior Court alleging claims for: (1) intentional infliction of emotional distress, (2) negligent infliction of emotional distress, (3) violations of the Fair Debt Collection Practices Act (FDCPA) and the Telephone Consumer Protection Act of 1991 (TCPA), (4) conversion and trespass, (5) invasion of privacy and (6) interference with prospective economic advantage. Defendants timely removed the action to federal court based on diversity of citizenship and federal question jurisdiction.

On January 11, 2000 Plaintiff filed a Notice of Dismissal seeking to voluntarily dismiss, without prejudice, his state law claims and his third claim to the extent it arises under the Fair Debt Collection Practices Act. By order dated January 21, 2000 this Court granted Plaintiff's request and dismissed those claims without prejudice. Plaintiff's third claim for violations of the Telephone Consumer Protection Act of 1991 therefore stands as the only claim remaining in this action. Plaintiff subsequently moved to remand this action to San Diego Superior Court.

**II.   Discussion**

Plaintiff seeks remand arguing that the only claim remaining in this action, the third claim arising under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, vests exclusive jurisdiction with state courts. Defendants disagree and argue that the Court properly maintains diversity jurisdiction.

In a removal action, a district court must remand a case to state court if, at any time before final judgment, the court determines that it lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c). When a party challenges the court's subject matter jurisdiction, the defendant bears the burden of supporting its jurisdictional allegations with competent proof.

1  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); Emrich v. Touche Ross
2  & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).  District courts must construe the removal statutes
3  strictly against removal and resolve uncertainties as to removability in favor of remanding the
4  case to state court.  Takeda v. Northwestern Nat'l. Life Ins. Co., 765 F.2d 815, 818 (9th Cir.
5  1985); Gaus, 980 F.2d at 566 (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064
6  (9th Cir. 1979)).

7  As discussed in the Background section of this order, after removal Plaintiff voluntarily
8  dismissed his federal FDCPA claim and all state law claims, possibly in an attempt to defeat
9  this Court's federal question and diversity jurisdiction.  To the extent Plaintiff voluntarily
10 dismissed his claims for this purpose, such an attempt was futile; the Court's removal
11 jurisdiction "must be analyzed on the basis of the pleadings *at the time of removal* without
12 reference to subsequent amendments."  Sparta Surgical Corp. v. National Ass'n of Sec.
13 Dealers, 158 F.3d 1209, 1213 (9th Cir. 1998) (emphasis added).  "Because of this rule, a
14 plaintiff may not compel remand by amending a complaint to eliminate the federal question
15 upon which removal was based."  Id.  By analogy, Plaintiff likewise cannot divest the Court
16 of subject matter jurisdiction by selectively dismissing claims that formed the basis for
17 removal.

18 Defendants removed this action to federal court based on diversity of citizenship and
19 federal question jurisdiction.  (See Not. of Removal ¶¶ 4, 5, 6.)  For the reasons set forth
20 below, the Court finds it retains jurisdiction under both theories.

21 **A.     The Court has Proper Diversity Jurisdiction**

22 To establish subject matter jurisdiction pursuant to diversity of citizenship, the party
23 asserting jurisdiction must show (1) complete diversity among opposing parties and (2) an
24 amount in controversy exceeding $75,000.  28 U.S.C. § 1332; Caterpillar Inc. v. Lewis, 519
25 U.S. 61, 68, 117 S.Ct. 467, 472, 136 L.Ed.2d 437 (1996).  For purposes of diversity
26 jurisdiction, a corporation is deemed to be a citizen of its state of incorporation *and* the state
27 where it has its principal place of business.  28 U.S.C. § 1332(a)(1); Montrose Chemical Corp.
28 of California v. American Motorists Ins. Co., 117 F.3d 1128, 1134 (9th Cir. 1997).  The

citizenship of an individual is determined by his or her domicile. See, e.g., Dausch v. Rykse, 9 F.3d 1244, 1245 (7th Cir. 1993) (citing Gilbert v. David, 235 U.S. 561, 569, 35 S.Ct. 164, 166, 59 L.Ed. 360 (1915)). Finally, a claim may not be dismissed for failing to comply with the amount in controversy requirement unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount..." Budget Rent-A-Car, Inc. v. Higashiguchi, 109 F.3d 1471, 1473 (9th Cir. 1997) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 57 S.Ct. 586, 590, 82 L.Ed. 845 (1938)).

The allegations in Plaintiff's Complaint, supplemented with Defendants' declarations, easily satisfy both the citizenship and amount in controversy requirements. Plaintiff's Complaint acknowledges that Plaintiff is "a resident of the County of San Diego, State of California." (Compl. ¶ 1.) Defendant Citicorp is incorporated under the laws of Delaware and has its principal place of business in New York. (Decl. of Kenneth S. Cohen ¶ 2.) Defendant Citibank (South Dakota), N.A. is a financial institution that maintains its sole place of business in South Dakota. (Decl. of David Zimbeck ¶ 3.)

Turning to the amount in controversy, Plaintiff's Complaint accuses Defendants of placing as many as 200 unlawful telephone calls each day over the past three years, and seeks penalties of $1,500 for *each call*. (Compl. ¶¶ 13, 35, 60.) The calls occurring on a single day could provide damages well in excess of the jurisdictional minimum. Several of Plaintiff's state law claims, moreover, seek unspecified sums for general, special and punitive damages. (Id. ¶ 60.) Finally, one month before filing this action Plaintiff sent a letter to Defendants demanding $75 million in damages for Defendants' alleged violations of the Telephone Consumer Protection Act of 1991. (See Defs.' Exs. at 19.) See Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376-77 (9th Cir. 1997) (statements by plaintiff concerning potential damages may constitute admission that his allegations meet the amount in controversy requirement).

The Court therefore finds that Defendants have established the citizenship and amount in controversy prerequisites of diversity jurisdiction. Although not necessary to this decision, the Court also finds that it has federal question jurisdiction.

### B. The Court had Proper Federal Question Jurisdiction at the Time of Removal

At the time of removal, Plaintiff's third claim accused Defendants of violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1592d, a statute that specifically vests district courts with subject matter jurisdiction. See 15 U.S.C. § 1681p.[1] The Court also has federal question jurisdiction because Plaintiff's Fair Debt Collection Practices Act claim is created by, and arises under, federal law. See Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808-09, 106 S.Ct. 3229, 3232-33, 92 L.Ed.2d 650 (1986); 28 U.S.C. § 1331. As discussed previously, Plaintiff's post-removal dismissal of this claim does not divest this Court of federal question jurisdiction.

### C. Plaintiff's TCPA Claim Does not Deprive this Court of Subject Matter Jurisdiction

Notwithstanding the existence of diversity jurisdiction, Plaintiff contends that the Court should remand this case to state court because Plaintiff's third claim arising under the Telephone Consumer Protection Act of 1991 ("TCPA")—the sole claim remaining in this litigation—may be maintained only in state court.

Plaintiff relies upon Murphey v. Lanier, 204 F.3d 911 (9th Cir. 2000), which held that state courts, but not federal district courts, have subject matter jurisdiction to hear private actions under the TCPA. The Court has carefully reviewed the decision and finds it distinguishable. Murphey stands for two narrow jurisdictional propositions: (1) Congress did not intend the TCPA to confer federal district courts with jurisdiction over private actions, and (2) the generic federal question jurisdiction statute, 28 U.S.C. § 1331, does not apply. 204 F.3d at 912-14. Nothing in the Ninth Circuit's analysis suggests that the TCPA *precludes* district courts from hearing private TCPA claims where some other independent basis for

---

[1] 15 U.S.C. § 1681p provides in pertinent part: "An action to enforce any liability created under [the Fair Debt Collection Practices Act] may be brought in an appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction...."

federal jurisdiction exists, such as diversity of citizenship or supplemental jurisdiction.[2]

Moreover, in those actions where diversity of citizenship properly exists, Plaintiff's interpretation of the TCPA would create the anomalous result that state law claims based on unlawful telephone calls could be brought in federal court, while federal TCPA claims based on those same calls could be heard only in state court. Such an interpretation would also undermine the purposes of supplemental jurisdiction by requiring parties who bring TCPA claims along with other federal claims to maintain separate, parallel actions in state and federal court.

Although the Court agrees with Plaintiff that the TCPA itself provides no basis for federal jurisdiction, nothing in the TCPA precludes federal courts from hearing TCPA claims where some other independent basis for jurisdiction exists. Here, Defendants have met the requirements for diversity of citizenship and have shown, at the time of removal, federal question jurisdiction under the FDCPA. The Court therefore retains subject matter jurisdiction over Plaintiff's TCPA claim based on diversity of citizenship, and alternatively, under supplemental jurisdiction, 28 U.S.C. § 1367.

### III. Conclusion and Order

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED.**

DATE: September 13, 2000

_____
Hon. THOMAS J. WHELAN
United States District Court
Southern District of California

CC:   ALL PARTIES

---

[2] Indeed, the district court's published decision in Murphey specifically emphasized that the plaintiff did not allege diversity of citizenship or assert a non-TCPA federal claim. See Murphey v. Lanier, 997 F.Supp. 1348, 1349 (S.D. Cal. 1998), aff'd 204 F.3d 911 (9th Cir. 2000).